IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION


IN RE:  BK 04-71599-CMS-13

TOMMIE L. WEED, and
ANDREA F. WEED,

     DEBTORS.

## MEMORANDUM OF DECISION

This matter was before the court on a motion to determine ownership of a personal injury claim, to accept an offer in settlement of the claim, and for approval of attorneys' fees and expenses. The court has reviewed the evidence in the context of applicable law and finds the claim is **property** of the Weed **BANKRUPTCY ESTATE**, that the settlement of the claim is due to be **APPROVED,** and that payment of the attorneys' contingent fees should also be **APPROVED.**

## FINDING OF FACTS

The court held an October 12, 2006 hearing on this **MOTION FOR DETERMINATION OF OWNERSHIP OF CLAIM AND FOR APPROVAL OF ESTATES ACCEPTANCE OF AN OFFER IN A GROUP PERSONAL INJURY SETTLEMENT, APPROVAL OF RETENTION OF SPECIAL COUNSEL WHO GENERATED THE GROUP OFFER AND PAYMENT OF CONTINGENT FEES AND EXPENSES** (BK Doc. 74).

Movants included Jason A. Stuckey of the firm Gulas & Stuckey; Michael T. Gallagher of The Gallagher Firm; Richard A. Freese of the firm Sweet & Freese; Tim K. Goss of the firm Capshaw, Goss & Bowers, LLP; and Chris Hellums of the firm Pittman Hooks Dutton Kirby and Hellums, (hereinafter referred to Group Counsel).

In essence, the motion asked the Bankruptcy Court to determine the following:

(1) If a claim of the debtor against Warner-Lambert, LLC and Pfizer, Inc. arising out of the use of Rezulin was property of the estate,

(2) If the claim is property of the estate, to authorize Group Counsel's retention as special counsel on a contingent fee basis,

(3) To approve their consummation of a settlement of debtor's claim; and

1

(4) To award attorney fees and expenses.

BK Doc. 54, an earlier motion by Group Counsel requesting similar relief was also docketed for the hearing, although the court will rule on BK Doc. 74. The Chapter 13 Trustee's and Bankruptcy Administrator's objections to these motions were also heard October 12, 2006. (See BK Docs. 58, 60 , 78 and 79)

The court has set out below a chronology of events leading up to this point. This chronology is based upon the bankruptcy file of Tommie L. and Andrea F. Weed, the file of AP 02-70118, and exhibits to pleadings in the Weed bankruptcy file.

**Prior to December, 2004** - Tommie L. Weed retained Group Counsel to represent him on a 40 % contingent fee basis against Parke-Davis, a division of Warner-Lambert, on a claim arising out of his use of the drug Rezulin. The exact date of this retention is not in evidence.

**November 21, 2002** - Chapter 13 Trustee C. David Cottingham initiated an adversary proceeding, AP 02-70118, against attorney Morris Bart and other defendants representing Chapter 13 debtors in such group claims. The trustee's complaint alleged that counsel had failed to obtain approval of their employment to represent the bankruptcy estates of Chapter 13 debtors with group causes of action.

**May 8, 2004 -** Tommie L. Weed and Andrea F. Weed filed this Chapter 13 case. (BK 04-71599 Doc. 1)They did not schedule the Rezulin claim as personal property on Schedule B or anywhere else in their petition. BK Doc. 4 is their proposed plan, submitted with their petition. The plan provided for a 7% distribution to unsecured creditors and mentioned no disbursement from a pending lawsuit.

**July 2, 2004 -** The Weeds' first meeting of creditors pursuant to 11 U.S.C. § 341 was held. The court file includes an unnumbered document captioned "341 Meeting Bench Sheet," dated July 2, 2004. Under "Questions Asked", this document includes a reference to lawsuits where "yes" has been checked, and a handwritten note has been added that appears to say "class Rezulin". Apparently, the Weeds advised the trustee of the Rezulin class action lawsuit at the 341 meeting. However, there was no amendment to schedules reflecting the lawsuit.

2

**September 9, 2004** - The Chapter 13 Trustee recommended confirmation of the debtors' plan and on September 10, 2004, the court entered an order of confirmation providing for a 7% distribution to unsecured creditors as proposed. There was no provision related to the Rezulin lawsuit. The plan further provided "the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." (BK Doc. 24)

**December, 2004** - The parties reached a global settlement in the Rezulin drug cases Tommie L. Weed had joined. The settlement was structured so that plaintiffs who chose to accept would be entitled to various amounts based on their injuries or potential injuries. The debtor, who had no proof of injury, would be entitled to approximately $4,503.00 if he chose to accept the offer.

**December 27, 2004** - During the pendency of the Trustee's adversary proceeding, the Gallagher Firm was doing Pacer searches to determine which of their other clients might also be debtors in the Northern District of Alabama. Apparently, Weed's name appeared on this list as having filed a 2004 bankruptcy petition. (Doc. 78, Exhibit 1)

**April 5, 2005** - On April 5, 2005, the attorney Stuckey sent a letter to attorney Gallagher advising him that he had prepared the applications to be employed in bankruptcy cases in Alabama. (Doc. 78, Exhibit 2) His letter indicated that applications had been sent to the clients, including Tommie Weed, for signatures. A sample application, along with last pages to sign, were enclosed and were to be sent on to Attorney Freese for his signature. (Doc. 78, Exhibit 3) There is no evidence as to whether or not the debtor returned an application to any of the law firms. None of the applications filed with the court were signed by the debtor.

**February 16, 2006** - Attorneys Jason Stuckey, Richard Freese and Michael Gallagher filed their first applications to be employed to represent the debtor in his Rezulin case. (BK Docs. 38, 39 and 40)

**March 16, 2006** - The Chapter 13 Trustee objected to the applications filed by the three attorneys. (BK Doc. 46) In his objection the trustee requested that group counsel's employment be denied and that they be awarded no fees or expenses.

**March 22, 2006** - The three attorneys withdrew their applications for employment, stating

3

the trustee's counsel informed them the applications were deficient. (BK Doc. 47)

**May 26, 2006** -   Group counsel filed their first motion to determine ownership of the claim, approve the settlement and approve the attorney fees and retention of counsel. (BK Doc. 54)

**July 3, 2006** -   The Chapter 13 Trustee objected to Document 54 . (BK Doc. 58)

**July 5, 2006**   -   The Bankruptcy Administrator objected to Document 54. (BK Doc. 60)

**July 7, 2006** - The Chapter 13 Trustee filed a motion to modify the Weeds' plan to "increase the percentage to be paid to unsecured creditors in amount equal to the non-exempt proceeds that are to be recovered by the Debtor". (BK Doc. 62)

**July 25, 2006**   -   The parties reached a settlement with the Gallagher defendants in AP 02-70118. (AP Doc. 367) Settlement provisions allowed the filing of applications to be employed in the bankruptcy cases of individual debtors with pending drug claims. These applications were to be filed within 30 days of entry of  the settlement order in AP 02-70118.

**August 15, 2006** - The court entered an order granting the trustee's motion to increase the distribution to unsecured creditors to include the non-exempt proceeds from any recovery on the drug claim. (Bk Doc. 71)

**August 23, 2006**   -   Group counsel filed BK Doc. 74, the motion currently before the court, which is similar to the earlier Doc. 54.The filing was in compliance with the 30-day time limit in AP 02-70118.

**October 11, 2006**   -   The Bankruptcy Administrator and Chapter 13 Trustee objected to group counsel's motion. (BK Docs. 78 and 79) These objections do not oppose the employment of Group Counsel per se, but asserted that the employment should be effective as of May 26, 2006 (when BK Doc. 54 was filed); and that any fees and expenses should only be allowed for services rendered after that date.

## CONCLUSIONS OF LAW

This court has jurisdiction of the Weeds' Chapter 13 case pursuant to 28 U.S.C. § 1334(a). This court has jurisdiction of this motion, including core bankruptcy proceedings, under 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(a), the jurisdiction is referred to this court by the General

4

Case 04-71599-CMS13   Doc 87   Filed 12/20/06   Entered 12/20/06 16:35:35   Desc Main
Document      Page 4 of 6

Order of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, As Amended July 17, 1984.

At the hearing on October 12, 2006, the court authorized the contingent fee employment of Group Counsel effective May 26, 2006, with a written order entered on October 18, 2006. (BK Doc. 81) The court further announced that it would approve Group Counsel's motion on the debtor's behalf to accept the approximate $4,503.00 compromise offer on the Rezulin claim. The court then determined, based upon the debtor's schedules and confirmation order, that this cause of action was an asset of the Weeds' bankruptcy estate.

Group counsel's employment was approved on a contingent fee basis pursuant to § 327(e) of the Bankruptcy Code. Therefore, pursuant to 11 U.S.C. §§ 330(a) and 331, attorneys would be allowed reasonable compensation, and reimbursement for actual and necessary expenses. The only remaining issues for the court to decide is whether the fees and expenses actually requested are reasonable for the services rendered.

Group Counsel learned of Weed's pending Chapter 13 bankruptcy case as a result of their own Pacer search during the resolution of AP 02-70118. One of the issues in that case was which of Group Counsel's clients were, or had been, in bankruptcy while their drug claims were pending. Another disputed issue involved who -- the debtor and bankruptcy counsel, or Group Counsel – was responsible for applying to the Bankruptcy Court for approval of Group Counsel's employment. Although the adversary proceeding was settled, there was no specific ruling on who was responsible for requesting the employment.

The record shows that group counsel learned of the pending bankruptcy case in December of 2004 (BK Doc. 78), the same month a global settlement was reached in the Rezulin cases, including Weed's claim. The record also indicates that the debtor, the attorney for the debtor, and Chapter 13 Trustee were on notice of the claim as of the July 2, 2004, 341 meeting.

While the record is unclear on exactly when Weed retained Group Counsel, it does show that the efforts of Group Counsel resulted in a global settlement of Rezulin claims in the same month that they learned that the debtor had filed a bankruptcy petition nine months earlier. Further efforts are

required on behalf of individual claimants, including Weed; to consummate the settlement, to obtain and disburse settlement funds, and to execute appropriate releases. A contingent fee of 40% in this case would yield a total fee for Group Counsel of $1,801.43 plus interest accrued since the global settlement. Based upon the facts in this case, the court finds that a contingent fee of $1,801.43 plus interest is a reasonable fee and must be approved.

Group Counsel has also requested expenses in the amount of $175.51. However, counsel provided no itemization setting out the nature of the expenses, or the dates incurred. The court cannot determine if these expenses are actual or necessary; and therefore, no expenses are approved.

## CONCLUSION

In summary, the court finds the cause of action and its settlement to be **property** of Weed's **BANKRUPTCY ESTATE**; that Weed's $4,503.00 settlement offer should be **APPROVED**; and that payment of Group Counsel's 40% contingent attorney's fee for representing the debtor must also be **APPROVED**.

Group Counsel is to be directed to submit to the court an order setting out the amount of fees to be received by each individual attorney in the group, consistent with a total award of $1,801.43 plus interest. A separate order on all other matters will be entered by the court.

An order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this December 20, 2006.

/s/ C. Michael Stilson

C. Michael Stilson

United States Bankruptcy Judge